In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-00-346 CR


____________________



ROYCE SHEPHERD, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 159th District Court


Angelina County, Texas


Trial Cause No. CR 21515






OPINION


 A jury found Royce Shepherd to be guilty of three counts of burglary of a
habitation. After finding Shepherd to be a repeat offender, the jury assessed punishment
at confinement in the Texas Department of Criminal Justice, Institutional Division, for 74
years and a $10,000 fine on count one, 77 years of confinement and a $10,000 fine on
count two, and 75 years of confinement and $10,000 fine on count three. A motion for
new trial was filed and overruled by operation of law without an evidentiary hearing. The
sole point of error raised on appeal contends that the appellant received ineffective
assistance of counsel at trial. That issue was not raised in the motion for new trial. 

 To show that his trial counsel was ineffective, applicant must meet the
two-pronged test articulated in Strickland v. Washington. 466 U.S. 668, 104
S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, applicant must demonstrate that
counsel's performance was deficient. See id. at 687, 104 S.Ct. 2052. In
order to satisfy this prong, applicant must demonstrate that counsel's
performance fell below an objective standard of reasonableness, as judged
on the facts of a particular case and viewed at the time of counsel's conduct. 
See id. at 688, 690, 104 S.Ct. 2052. Second, applicant must show that
counsel's performance prejudiced his defense at trial. See id. at 692, 104
S.Ct. 2052. "It is not enough for the [applicant] to show that the errors had
some conceivable effect on the outcome of the proceeding." Id. at 693, 104
S.Ct. 2052. Rather, applicant must show there is a reasonable probability
that the result of the proceeding would have been different but for the errors
made by counsel. See id. at 694, 104 S.Ct. 2052. "A reasonable probability
is a probability sufficient to undermine confidence in the outcome." Id.


 Texas courts have consistently adhered to the standard set out in
Strickland. See generally McFarland v. State, 928 S.W.2d 482 (Tex.Crim.
App.1996). "Any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness." Id. at 500. This Court recognizes that counsel is presumed
to have rendered adequate assistance and made all significant decisions in the
exercise of reasonable professional judgment. See id.; see also Strickland,
466 U.S. at 690, 104 S.Ct. 2052.


Ex parte Varelas, 45 S.W.3d 627, 629 (Tex. Crim. App. 2001). (1) 


 Shepherd argues that counsel failed to request a witness list, failed to file pre-trial
discovery motions, failed to file motions in limine, and failed to object to leading
questions. Shepherd argues that, due to defense counsel's lack of pre-trial preparation, the
State was able to present the jury with evidence of extraneous burglaries and drug use by
the defendant and his co-defendants. Of course, there is no evidence in the record
revealing what discovery was actually conducted and the extent and nature of counsel's
preparation for trial. The appellant has the burden of rebutting the presumption that
counsel's actions and decisions were reasonably professional and motivated by sound trial
strategy. Jackson v. State, 877 S.W.2d 768, 771-72 (Tex. Crim. App. 1994). Absent
evidence in which trial counsel explains why he did what he did, our assessment of
counsel's strategy would call for impermissible speculation. Id. From our examination
of the trial record, it appears that counsel used the extraneous offense evidence to
undermine the credibility of the co-defendants by showing that they were addicts under the
influence of cocaine at the time of the offenses, that their drug use adversely affected their
recall, that they had repeatedly changed their stories, that they had been debriefed by the
prosecutor before trial, and that they had a motive for testifying untruthfully. Shepherd
denied participating in the burglaries and drug use, but testified that he was with the female
co-defendant for the purpose of prostitution while the male co-defendant stole and sold
various items of personal property. Although counsel stated that he did not know who
would be called to testify because he had not received a witness list, both co-defendants
were in custody at the time and we cannot assume from the stated objection that counsel
truly had failed to anticipate that one or both of the co-defendants might testify.

 Shepherd fails to overcome the presumption that trial counsel's actions were part
of a reasonable, albeit unsuccessful, trial strategy. Because the record does not
affirmatively demonstrate that counsel's overall performance was deficient, we do not
reach the prejudice prong of the Strickland test. We overrule the issue and affirm the
judgment.

 AFFIRMED.

 PER CURIAM


Submitted on December 18, 2001

Opinion Delivered January 9, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.
1. Due to the difficulty inherent in creating an adequate record in a regular appeal,
a claim of ineffective assistance of counsel on appeal is cognizable in a subsequent writ of
habeas corpus. Thompson v. State, 9 S.W.3d 808, 814-15 (Tex. Crim. App. 1999).